NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0208n.06

No. 21-3528

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

May 08, 2024

KELLY L. STEPHENS, Clerk

SARA TOMASA RIOS-ZAMORA; PAOLA
YOLANDA RIVERA-RIOS,

    Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

---

Before: WHITE, STRANCH, and DAVIS, Circuit Judges.

HELENE N. WHITE, Circuit Judge. Sara Tomasa Rios-Zamora and her daughter, Paola Yolanda Rivera-Rios, petition for review of the Board of Immigration Appeals' denial of their motion to reopen removal proceedings. We DENY the petition.

**I.**

Rios-Zamora and Rivera-Rios previously petitioned for review of the denial of asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231(b)(3), and relief under the Convention Against Torture (CAT). *See Rios-Zamora v. Sessions*, 751 F. App'x 784, 785 (6th Cir. 2018).

As we explained in denying that petition, Rios-Zamora and Rivera-Rios "left Honduras in 2014 after being robbed at gunpoint." *Id.* Rios-Zamora and her oldest son managed a small convenience store located in the same structure as the family's home. *See id.* One morning, five

intruders—believed to be gang members—entered the structure, tied up members of the family, held them at gunpoint, and took cash and valuable items. *See id.* The intruders threatened to return to kill the family if they contacted the police. *See id.* Rios-Zamora was terrified, so she and her daughter relocated to Rios-Zamora's mother's home and, feeling unsafe there as well, left Honduras seeking safety in the United States. *See id.* at 786.

Rios-Zamora applied for asylum on behalf of herself and, derivatively, Rivera-Rios, as well as for withholding of removal under the INA and relief under the CAT. *See id.* The immigration judge denied their claims for relief and ordered them removed. *See id.* The Board of Immigration Appeals (BIA) affirmed, concluding Rios-Zamora failed to show 1) that she suffered past harm or feared future harm amounting to persecution, 2) that her proposed social groups possessed the "requisite distinction within Honduran society," or 3) that her membership in such groups motivated the robbers. *Id.*

We then denied Rios-Zamora's petition for review. *See id.* at 788. As to the claim for asylum, we concluded that the circumstances of the single robbery did not constitute persecution, the IJ reasonably ruled that she was not robbed on account of her membership in a protected group, and the possibility of further gang violence did not amount to a fear of future persecution. *See id.* at 787. We further concluded that these reasons also supported the denial of her claims for withholding of removal and relief under the CAT. *See id.* at 787–88.

In February 2019, Rios-Zamora and Rivera-Rios filed a motion to reopen their removal proceedings with the BIA, arguing that changed conditions in Honduras warranted relief from removal. The BIA denied the motion. "Setting aside the issue of timeliness," the BIA said, Rios-Zamora and Rivera-Rios "ha[d] not met their 'heavy burden' of showing that the new evidence offered in support of reopening 'would likely change the result in the case.'" A.R. 2 (quoting

2

*Hernandez-Perez v. Whitaker*, 911 F.3d 305, 320–21 (6th Cir. 2018)). The BIA found that they failed to cite specific evidence supporting the social distinction of their proposed group, "Honduran Women who are Susceptible to Violence based on a Societal belief that Women are Inferior and should live Under Male Domination [sic]." *Id.* at 2, 22. "Conclusory assertions of countrywide stereotypes do not constitute appropriate evidence," it reasoned, and "[a]s is demonstrated here, '[s]ome proposed group definitions appear, on their face, to be convoluted and to lack any greater importance in society.'" *Id.* at 2 (second alteration in original) (quoting *L-E-A-*, 27 I. & N. Dec. 581, 596 n.2 (Att'y Gen. 2019), *vacated on other grounds*, 28 I. & N. Dec. 304 (Att'y Gen. 2021)). The BIA also concluded that they had not shown more than a speculative fear of harm or state action for the claim for relief under the CAT. It further declined to exercise its discretionary authority to reopen sua sponte.[1]

Rios-Zamora and Rivera-Rios filed this petition for review of the BIA's denial of their motion to reopen. They moved to stay their removal pending our decision, which we granted largely because the Attorney General did not oppose their motion. *See Rios-Zamora v. Garland*, No. 21-3528, 2021 U.S. App. LEXIS 27341, at *1–3 (6th Cir. Sept. 9, 2021).

## II.

"We review the denial of a motion to reopen under the abuse-of-discretion standard." *Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009). Although its "discretion is broad," the BIA "may not exercise its discretion in a way that is arbitrary, irrational or contrary to law." *Daneshvar v. Ashcroft*, 355 F.3d 615, 625–26 (6th Cir. 2004). Thus, the BIA abuses its discretion when a denial "was made without a rational explanation, inexplicably departed from established policies,

---

[1] Rios-Zamora and Rivera-Rios also requested a stay of removal pending adjudication of their motion to reopen, which the BIA denied as moot in the same decision.

or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982). "[I]f a denial turns on disputed facts, we must treat 'the administrative findings of fact [as] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Valadez-Lara v. Barr*, 963 F.3d 560, 568 (6th Cir. 2020) (second alteration in original) (quoting 8 U.S.C. § 1252(b)(4)(B)). "We review questions of law de novo, but give 'substantial deference . . . to the [BIA's] interpretation of the INA and accompanying regulations.'" *Zaldana Menijar v. Lynch*, 812 F.3d 491, 497 (6th Cir. 2015) (first alteration in original) (quoting *Urbina-Mejia v. Holder*, 597 F.3d 360, 364 (6th Cir. 2010)).

## III.

To prevail on a motion to reopen removal proceedings, a noncitizen must present sufficient evidence to demonstrate a reasonable likelihood of satisfying the requirements for relief from removal. *See Hernandez-Perez*, 911 F.3d at 320–21. Here, the BIA did not abuse its discretion in concluding that Rios-Zamora and Rivera-Rios failed to meet their burden.

### A.

Asylum is available to a "refugee." 8 U.S.C. § 1158(b)(1)(A). That term includes a noncitizen "who is unable or unwilling to return to" the noncitizen's home "country because of persecution or a well-founded fear of persecution on account of" a protected basis, here, "membership in a particular social group." *Id.* § 1101(a)(42)(A). "To establish membership in a cognizable particular social group, an asylum applicant must show 'that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Turcios-Flores v. Garland*, 67 F.4th 347, 354 (6th Cir. 2023) (quoting *M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). "Though the

4

determination of whether a proposed particular social group is cognizable is a legal determination, decisions as to the underlying elements are factual determinations subject to the substantial evidence standard." *Id.* at 354 (citation omitted).

The BIA's "decision that [Rios-Zamora and Rivera-Rios's] proposed social group— ["Honduran Women who are Susceptible to Violence based on a Societal belief that Women are Inferior and should live Under Male Domination [sic]," A.R. 2, 22]—lacked social distinction is supported by substantial evidence," *Zaldana Menijar*, 812 F.3d at 498–99.[2] Rios-Zamora and Rivera-Rios supported their motion to reopen with reports discussing human-rights violations in Honduras, including violence in general and against women specifically. These conditions appear serious—but the reports do not show that the proposed group is "perceived as [a] distinct social group[] in" Honduras, *Vasquez-Rivera v. Garland*, 96 F.4th 903, 908 (6th Cir. 2024); *see also Zaldana Menijar*, 812 F.3d at 498–99. Indeed, Rios-Zamora and Rivera-Rios's brief cites no evidence in the record showing social distinction and does not explain how or why the BIA's conclusion was wrong. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))).[3]

---

[2] This is not to say that their proposed group can never amount to a particular social group for asylum purposes. We need not—and, therefore, do not—decide that issue. It suffices to say only that they failed to meet their burden given the evidence that they submitted.

[3] We acknowledge that the BIA cited two decisions that have since been vacated to support its decision in this case. However, the decisions were vacated on grounds unrelated to the propositions relied on. The BIA cited the decisions to support its unremarkable reasoning that a noncitizen should bring forth evidence to justify a claim for asylum, and that notion has independent validity despite the vacaturs, *see Zaldana Menijar*, 812 F.3d at 497–99.

**B.**

The claims for withholding of removal and relief under the CAT fail for similar reasons. "[P]rotection from removal requires a more 'stringent' showing of persecution than what is required for asylum. . . . Withholding claims thus fail when applicants cannot show a well-founded fear of persecution under the more forgiving asylum standard." *Vasquez-Rivera*, 96 F.4th at 907–08 (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 443–44 (1987)). Relief under the CAT requires showing a likelihood upon removal of torture, which involves a certain degree of harm and of state action. *See* 8 C.F.R. §§ 1208.16(c)(1)–(2), 1208.18(a)(1). Rios-Zamora and Rivera-Rios cursorily assert in their brief, without citing evidence in the record, that the Honduran government is dysfunctional and corrupt and, therefore, complicit in gang violence and violence against women. That unsubstantiated assertion concerning general conditions in Honduras is insufficient to show the BIA lacked substantial evidence in concluding that they had only a speculative fear of harm and that they failed to show any harm entailed the requisite state action. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1155–56 (6th Cir. 2010) (concluding that assertion and evidence on the risk of torture were "too generalized and too speculative" to overturn the BIA's denial of relief under the CAT despite country reports in the record describing incidents of torture in the country of removal).

**IV.**

For the reasons stated, we DENY the petition for review.